*E-FILED: May 29, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL, INC., a California corporation,<br><br>    Plaintiff,<br>  v.<br><br>ARAM VARDARYAN, individually and doing business as CJSC, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C12-01536 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT; AND (2) CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**[Re: Docket No. 3]** |

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Aram Vardanyan[1] moves to dismiss the complaint. Plaintiff Viasphere International, Inc. (Viasphere) opposes the motion. The matter was deemed submitted without oral argument. CIV. L.R. 7-1(b). All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Upon consideration of the moving and responding papers, the court grants the motion in part and denies it in part.

BACKGROUND

The following background facts are drawn from the complaint's allegations:

Viasphere is a California corporation with its principal place of business in Santa Clara County. Viasphere's wholly-owned subsidiary, Viasphere Technopark CJSC (Technopark), is a

---

[1] Defendant says that he erroneously is identified in the caption of the complaint as "Aram Vardaryan."

real estate development located in Yerevan, Armenia. Defendant Vardanyan is an Armenian citizen domiciled in Yerevan.

Viasphere and Vardanyan entered into two written agreements—i.e., "2001 Stock Option PLAN, Stock Option Agreements-Early Exercise"—for the purchase of Viasphere common stock. The first, entered on or about April 14, 2001 (2001 Agreement), provided for the purchase of one million shares of Viasphere common stock at $0.001 per share for a purchase price of $1,000. The second, entered on or about November 2, 2002 (2002 Agreement), concerned the purchase of 713,000 shares of plaintiff's common stock at $0.001 per share for a total purchase price of $713. (Complaint ¶¶ 11-12). Viasphere says that, under the terms of those agreements, the percentage amount of shares and the purchase price were based on Vardanyan's agreement to commit to full-time employment with the company. Specifically, plaintiff says that Paragraph 1 of both agreements provides, in pertinent part:

<u>Vesting Schedule</u>

This Option will be exercisable immediately, in whole or in part, conditioned upon Optionee entering into employment of the Company as a full time employee . . ..

(Id. ¶ 14). Vardanyan was made General Director of the Technopark (a full-time position) and subsequently was appointed to Viasphere's Board of Directors. (Id. ¶¶ 15-17).

According to plaintiff, beginning in 2002 and continuing through February 2011, Vardanyan made several trips to Santa Clara County to meet with other Viasphere directors. During those trips, Vardanyan reportedly told the company that he had no competing businesses or interests that would interfere or conflict with his duties and obligations to Viasphere; that certain spaces in the Technopark had not been leased and were not generating income; and that he was negotiating with a third party for the renovation of certain of the Technopark's retail space (in sum, the third party would acquire certain space, use its own resources to renovate it, and then return a portion of the space to Viasphere). (Id. ¶ 21).

Viasphere says it later learned that, contrary to his representations, Vardanyan had not only been engaged in a number of acts of self-dealing at the company's expense, but that he also lied about certain matters pertaining to the Technopark. To sum the allegations of the

2

complaint, plaintiff says that (among other things) Vardanyan (1) worked full time for his personal business, Parva CJSC, rather than for Viasphere; (2) used Viasphere's funds and employees to operate Parva; (3) used a Viasphere trademark on Parva's products; (4) used Viasphere's employees in the construction of his personal residence and paid them with Viasphere's funds; (5) allowed his family members to occupy commercial space in the Technopark, rent-free; and (6) leased certain spaces in the Technopark to third parties and kept the rental income for himself. As for the third-party negotiations for the renovation of certain retail space in the Technopark, plaintiff says that it discovered that there actually was no such third party, and that Technopark employees performed construction and renovation work on the retail spaces—all while on Viasphere's payroll and under Vardanyan's supervision—without the company's knowledge or consent. (Id. ¶¶ 21-22, 33).

Given Vardanyan's professed commitment to Viasphere, the company says it was induced to enter into the 2001 and 2002 stock purchase agreements; appoint Vardanyan General Director of the Technopark; appoint him to the Board of Directors; agree to transfer 75% of the Technopark's retail spaces to Vardanyan; grant additional shares of common stock, as well as Series A Preferred Stock; and to grant monies that were actually used to further Vardanyan's personal interests and those of his family. (Id. ¶ 23).

Viasphere filed this action in state court, asserting the following eight claims for relief: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) conversion; (4) breach of fiduciary duty; (5) breach of the implied covenant of good faith and fair dealing; (6) imposition of a constructive trust; (7) breach of contract; and (8) rescission based on fraud. Viasphere seeks at least $1 million in damages. Vardanyan removed the matter here, asserting diversity jurisdiction, 28 U.S.C. § 1332. Contending that Viasphere fails to state a claim for relief,

1 Vardanyan now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] For the
2 reasons stated below, the motion is granted in part and denied in part, with leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

---

[2] Both sides have submitted declarations and other papers detailing the parties' negotiations over defendant's request for an extension of time to respond to the complaint. The point of these filings, apparently, is to inform the court that defendant's motion was filed beyond the time for responding to the complaint and to explain how that happened. There is no argument, however, that the instant motion should be disregarded as late-filed or that defendant's default should be entered. And, had defendant moved for an extension of time to respond to the complaint, this court likely would have granted it under the circumstances presented. The court finds these extraneous filings to be irrelevant.

United States District Court
For the Northern District of California

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996))

DISCUSSION

A.   Claims 1 and 2:   Intentional and Negligent Misrepresentation

Vardanyan contends that the complaint fails to allege sufficiently specific facts to satisfy the heightened pleading requirement for fraud claims and that Viasphere does not, in any event, allege adequate facts concerning its claimed delayed discovery of the alleged fraud.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and citation omitted).

Viasphere's complaint sets out, in appreciable detail, Vardanyan's alleged misrepresentations concerning the Technopark and his commitment to Viasphere; the claimed true circumstances; plaintiff's reliance on the alleged falsehoods; and the resulting damage to

1  plaintiff. (See, e.g., Complaint ¶¶ 21-22, 33). These factual allegations are sufficient to state a
2  plausible claim for relief.

3      Nevertheless, the complaint's allegations indicate that Viasphere's fraud claims are
4  based, at least in part, on events that occurred over the past decade. Inasmuch as Viasphere
5  appears to invoke California's "discovery rule" to toll the applicable limitations period,[3] the
6  court agrees that the allegations of the complaint, as currently pled, are deficient. The
7  "discovery rule" is an exception to the general rule of accrual of a claim for relief and "assumes
8  that the elements of accrual including harm exist, but tolls the ruling [sic] of the statute until the
9  plaintiff is on inquiry notice of its injury (and its wrongful cause)." California Sansome Co. v.
10 U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir.1995). To invoke the discovery rule, a plaintiff must
11 plead facts showing (1) the time and manner of discovery and (2) the inability to have made
12 earlier discovery despite reasonable diligence. Camsi IV v. Hunter Tech. Corp., 230
13 Cal.App.3d 1525, 1536, 282 Cal.Rptr. 80 (1991). Mere conclusory assertions that delayed
14 discovery was reasonable are insufficient. Id. at 1536-37. Here, Viasphere's complaint simply
15 asserts that the company did not discover the alleged falsity of defendant's representations until
16 February 2011. (Complaint ¶ 24). Elsewhere in its complaint, Viasphere says that Vardanyan
17 "intentionally concealed and suppressed" the alleged wrongdoing. (Id. ¶ 57). More specific
18 facts are required to plausibly support delayed accrual of plaintiff's claims. Claims 1 and 2
19 therefore are dismissed with leave to amend.

20      Indeed, inasmuch as the alleged fraud appears to be the crux of Viasphere's suit, it
21 would appear that most (if not all) of Viasphere's claims are based, at least to some extent, upon
22 events stretching back to 2001. Thus, it seems that all of plaintiff's claims will depend upon
23 Viasphere's ability to allege sufficient facts concerning its claimed delayed discovery of
24 Vardanyan's alleged misdeeds. For that reason, all of the claims will be dismissed with leave to
25 amend. Because defendant takes issue with the sufficiency of the substantive allegations

---

[3] Under California Code of Civil Procedure § 338(d), the statute of limitations for fraud claims is three years from the discovery of the facts constituting the fraud.

6

1 underlying plaintiff's claims, the court will proceed to discuss the factual allegations as to each
2 claim for relief.

### B. Claim 3: Conversion

According to the complaint, Vardanyan misappropriated money, trade secrets, and other intellectual property from Viasphere and used them for his own personal benefit. (Complaint ¶ 33). The converted funds are alleged to be "no less than One Million Dollars ($1,000,000.00)." (Id. ¶ 37). Although Vardanyan does not appear to take issue here with the purported conversion of Viasphere's intellectual property, he contends that Viasphere fails to sufficiently identify the allegedly converted funds.

A conversion claim arises out of the wrongful exercise of dominion over another's property. PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App.4th 384, 395, 58 Cal. Rptr.3d 516 (2007). To plead such a claim, Viasphere must allege (1) its ownership or right to possession of the property; (2) Vardanyan's wrongful act toward or disposition of the property, interfering with plaintiff's possession; and (3) damage to Viasphere. Id. Under California law, "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved," but "it is not necessary that each coin or bill be earmarked." Haigler v. Donnelly, 18 Cal.2d 674, 681, 117 P.2d 331 (1941).

Here, defendant essentially argues that Viasphere must plead facts explaining how it calculated the $1 million amount. Viasphere contends that it has alleged that the specific sum of $1 million was converted and that it need do no more to survive dismissal.

The complaint does not, as Viasphere claims, allege that the specific sum of $1 million was converted. Rather, the $1 million appears to be only a baseline approximation. Nevertheless, in view of the liberal federal pleading requirements, courts have declined to dismiss such claims at the pleading stage when the complaint's allegations show that the converted sums are capable of identification, "even if the amount cannot be articulated to the penny." Orangi v. JPMorgan Chase Bank, No. 5:11-cv-1229 JF, 2011 WL 1807174 at *2 (N.D. Cal., May 11, 2011) (concluding that allegations that "approximately $70,000" in "specific coins and bills" were taken from plaintiff's safe deposit box were sufficient to survive a motion

7

to dismiss); see also Natomas Gardens Investment Group, LLC v. Sinadinos, 710 F. Supp.2d 1008, 1019 (E.D. Cal. 2010) ("Considering the liberal pleading requirements in federal court, . . . at the pleading stage it is only necessary for plaintiffs to allege an amount of money that is 'capable of identification.'"); Galvani v. Galvani, No. C11-2062PJH, 2011 WL 4080338 at *7 (N.D. Cal., Sept. 12, 2011) (concluding that plaintiff sufficiently alleged a claim for conversion where the complaint asserted that the converted funds, though unspecified, were "capable of identification."). Cf. Vu v. Cal. Commerce Club, 58 Cal. App.4th 229, 235, 68 Cal. Rptr.2d 31 (1997) (concluding that plaintiffs, who claimed gambling losses of "approximately $1.4 million" and "approximately $120,000," failed to plead or prove a claim for conversion because "the gist of plaintiffs' case was that much of the money they lost was taken by persons other than the [defendant] club or its employees.").

Here, Viasphere's complaint alleges several ways in which defendant reportedly misused or misapplied corporate funds. Although it remains to be seen whether plaintiff will succeed in identifying the specific sums that allegedly were converted, the court finds that for present purposes, plaintiff has pled sufficient facts showing that the allegedly converted sums are capable of identification. However, to the extent this claim depends upon plaintiff's claimed delayed discovery of defendant's alleged misdeeds, it is dismissed on that basis, with leave to amend.

C.   Claim 4:   Breach of Fiduciary Duty

In essence, Viasphere says that, based on his alleged misrepresentations and acts of self-dealing, Vardanyan breached his fiduciary duty to the company. Vardanyan argues that this claim must be dismissed because it is grounded in fraud and the facts underlying that fraud have not been pled with specificity. For the reasons discussed above in connection with plaintiff's claims for intentional and negligent misrepresentation, the court finds that the complaint pleads sufficiently specific facts underlying the alleged fraud. Accordingly, this claim will not be dismissed on that basis. However, to the extent this claim is based upon plaintiff's claimed delayed discovery of defendant's alleged misdeeds, it is dismissed on that basis, with leave to amend.

D.  Claims 5 and 7:  Breach of the Implied Covenant of Good Faith and Fair Dealing and Breach of Contract

The gist of these claims is that Vardanyan breached the 2001 and 2002 Agreements by working full-time for Parva rather than for Viasphere. Defendant contends that the complaint's allegations are entirely conclusory and fail to establish the existence of a contract, much less the breach of any such agreement.

Under California law, a claim for breach of contract consists of the following elements: (1) the existence of a contract; (2) plaintiff's performance (or excuse for nonperformance); (3) defendant's breach; and (4) damages. First Commercial Mortgage Co. v. Reece, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). Additionally, every contract contains an implied covenant of good faith and fair dealing, which requires that neither party do anything that will deprive the other of the benefits of the agreement. See Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151, 2 P.3d 1 (2000).

Pointing out that the complaint does not append an actual copy of the agreements at issue,[4] defendant argues that the allegations are so conclusory that he cannot determine what contracts Viasphere refers to, the terms of each agreement, and which terms reportedly were breached. The court disagrees and finds that the pertinent agreements and terms are alleged with sufficient specificity to raise a right to relief above the speculative level and state a plausible claim for relief. Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1950. (Complaint ¶¶ 11-14). Vardanyan otherwise appears to take issue with the manner in which plaintiff calculated its claimed damages, as well as with the proper interpretation of the agreements in question. These are matters to be sorted out another day, and these claims will not be dismissed on that basis. However, to the extent these claims depend upon plaintiff's claimed delayed discovery of defendant's alleged misdeeds, they are dismissed on that basis, with leave to amend.

---

[4] Although the complaint states that copies of the agreements are appended as Exhibits A and B, respectively, there are no such attachments to the complaint in the record before the court.

9

E.     Claim 6:   Imposition of Constructive Trust

"'A constructive trust is not a true trust but an equitable *remedy* available to a plaintiff seeking recovery of specific property in a number of widely differing situations.'" BJG Associates, LLC v. Super. Ct., 75 Cal. App.4th 952, 967, 89 Cal. Rptr.2d 693 (1999) (quoting 5 Witkin, Cal. Procedure (4th ed. 1997), Pleading, § 796, p. 252). "The cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act that entitles the plaintiff to some relief." Id. (internal quotations omitted). "That relief, in a proper case, may be to make the defendant a constructive trustee with a duty to transfer to the plaintiff." Id. (internal quotations omitted).

Here, Vardanyan contends that this claim must be dismissed to the extent it is derivative of plaintiff's claim for breach of fiduciary duty. As discussed above, the court finds that Viasphere has pled sufficient factual basis for its claim of fiduciary duty. Accordingly, this claim will not be dismissed on that basis. However, to the extent these claims depend on plaintiff's claimed delayed discovery of defendant's fraud, they will be dismissed with leave to amend.

F.     Claim 8:   Rescission Based on Fraud

Viasphere seeks rescission of the 2001 and 2002 Agreements, claiming that it was induced by Vardanyan's alleged fraud to enter into them. Defendant argues that this claim must be dismissed because the complaint fails to set out details as to how Viasphere proposes to restore the benefits it received from him if rescission is granted.

Section 1691 of the California Civil Code governs rescission procedure and "requires that a party give notice of his or her intent to rescind and '[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise.'" Davenport v. Litton Loan Servicing, LP, 725 F. Supp.2d 862, 879 (N.D. Cal. 2010) (quoting Cal. Civ. Code § 1691)). "The statute provides that when either notice of rescission has not been provided or restoration made, 'the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both.'" Id. (quoting Cal. Civ. Code § 1691)). Courts in California

10

1  "continually treat tender or at least the allegation of ability to do so as a necessary part of a
2  valid claim for rescission of a contract." Id. at 880 (citing cases).  Defendant has not managed
3  to persuade that, at the pleading stage, Viasphere is required to allege details as to *how* it plans
4  to restore everything of value it received from him under the agreements in question.
5  Nevertheless, Viasphere "must at least allege that [it] has offered to tender to support a claim
6  for equitable rescission under section 1691." Id.  Plaintiff has not done so.  Accordingly, this
7  claim is dismissed with leave to amend.  Additionally, to the extent these claims depend on
8  plaintiff's claimed delayed discovery of defendant's fraud, they will be dismissed with leave to
9  amend.

10 G.     Claims for Punitive Damages

11     In essence, defendant argues that Viasphere's request for punitive damages must be
12 stricken because plaintiff has not sufficiently alleged facts underlying the reported fraud.  As
13 discussed above, the court concludes that the complaint alleges sufficiently specific facts as to
14 the alleged fraud, but that all of plaintiff's claims must be dismissed because Viasphere has not
15 adequately pled the circumstances surrounding its claimed delayed discovery of the alleged
16 wrongful acts.  Accordingly, defendant's motion to strike Viasphere's punitive damages claims
17 is denied as moot.

                                           ORDER

19     Based on the foregoing, defendant's motion to dismiss is granted in part and denied in
20 part with leave to amend.[5]  If it chooses to amend its pleading, plaintiff must file its amended
21 complaint, in accordance with the rulings above, within 14 days from the date of this order.
22     The initial case management conference set for June 26, 2012 is continued to **August**

---

[5] Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above.  To the extent plaintiff intends to assert new or different claims for relief or add new parties, it must make an appropriate application pursuant to Fed. R. Civ. P. 15.

11

1 **14, 2012, 1:30 p.m.** All related deadlines are adjusted accordingly.

2     SO ORDERED.

3 Dated: May 29, 2012

5 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-01536-HRL Notice has been electronically mailed to:

2  Ara Aroustamian     ara@lawaa.com

3  Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com

4  Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.