**United States District Court**
For the Northern District of California

1

2                                    *E-FILED:  August 30, 2012*

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11   VIASPHERE INTERNATIONAL, INC.,          No. C12-01536 HRL

12            Plaintiff,          **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

13      v.

14   ARAM VARDANYAN, an individual,

15            Defendant.          **[Re: Docket No. 19]**

16   _____/

17          Before the court is defendant Aram Vardanyan's Fed. R. Civ. P. 12(b)(6)[1] motion to

18   dismiss the First Amended Complaint (FAC).  Plaintiff Viasphere International, Inc.

19   (Viasphere) opposes the motion.  All parties have expressly consented that all proceedings in

20   this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); FED.

21   R. CIV. P. 73.  The matter is deemed suitable for determination without oral argument, and the

22   September 11, 2012 hearing is vacated.  CIV. L.R. 7-1(b).  Upon consideration of the moving

23   and responding papers, the court denies the motion.

24

25

26

27

28

_____

[1]      Although defendant did not reference Fed. R. Civ. P. 12(b)(6) in his motion,
he essentially challenges the First Amended Complaint on the ground that plaintiff has failed
to plead sufficient facts showing that it is entitled to relief.

1          BACKGROUND

2          The following background facts are drawn from the FAC's allegations:

3          Viasphere is a California corporation with its principal place of business in Santa Clara

4    County.  Viasphere's wholly-owned subsidiary, Viasphere Technopark CJSC (Technopark), is a

5    real estate development located in Yerevan, Armenia.  Defendant Vardanyan is an Armenian

6    citizen domiciled in Yerevan.  He was the General Director of the Technopark and a member of

7    Viasphere's Board of Directors.

8          Viasphere and Vardanyan entered into two written agreements—i.e., "2001 Stock

9    Option PLAN, Stock Option Agreements-Early Exercise"—for the purchase of Viasphere

10   common stock.  The first, entered on or about April 14, 2001, provided for the purchase of one

11   million shares of Viasphere common stock at $0.001 per share for a purchase price of $1,000.

12   The second, entered on or about November 2, 2002, concerned the purchase of 713,000 shares

13   of plaintiff's common stock at $0.001 per share for a total purchase price of $713.  (FAC ¶¶ 7-

14   8). Viasphere says that, under the terms of those agreements, the percentage amount of shares

15   and the purchase price were based on Vardanyan's agreement to commit to full-time

16   employment with the company.  Specifically, plaintiff says that Paragraph 1 of both agreements

17   provides, in pertinent part:

18              Vesting Schedule

19              This Option will be exercisable immediately, in whole or in part,
               conditioned upon Optionee entering into employment of the
20              Company as a full time employee . . ..

21   (Id. ¶ 10).  The FAC further alleges that Vardanyan was made General Director of the

22   Technopark (a full-time position) and subsequently was appointed to Viasphere's Board of

23   Directors based on his express representations and promises that he would commit full time to

24   Viasphere and would not have any competing interests or outside activities that would interfere

25   with his duties to the company.  (Id. ¶¶ 11-13).

26          According to plaintiff, beginning in 2002 and continuing through February 2011,

27   Vardanyan made several trips to Santa Clara County to meet with other Viasphere directors.

28   During those trips, Vardanyan reportedly told the company that he was working full time for the

United States District Court

For the Northern District of California

1  Technopark and had no competing businesses or interests that would interfere or conflict with

2  his duties and obligations to Viasphere; that certain spaces in the Technopark had not been

3  leased and were not generating income; that he was not engaged in self-dealing and had no

4  personal interest in the negotiations pertaining to the sale of retail space; and that he was

5  negotiating with a third party for the renovation of certain of the Technopark's retail space (in

6  sum, the third party would acquire certain space, use its own resources to renovate it, and then

7  return a portion of the space to Viasphere).  (Id. ¶ 17).

8  　　　　Viasphere says it later learned that, contrary to his representations, Vardanyan had not

9  only been engaged in a number of acts of self-dealing at the company's expense, but that he

10  also lied about certain matters pertaining to the Technopark.  To sum the allegations of the

11  complaint, plaintiff says that (among other things) Vardanyan (1) worked full time for his

12  personal business, Barva, Ltd., rather than for Viasphere; (2) used Viasphere employees,

13  materials, and resources for his own business purposes, without Viasphere's knowledge or

14  consent; (3) used Viasphere's employees, materials, and resources to build his personal

15  residence in Armenia; (4) personally occupied commercial lease space in the Technopark for his

16  own use and that of his companies; (5) allowed his family members to occupy commercial

17  space in the Technopark, without paying fair market rent; and (6) leased certain spaces in the

18  Technopark to entities in which he had a personal interest, kept the cash rental income for

19  himself, and did not report it to the Technopark or to Viasphere.  As for the third-party

20  negotiations for the renovation of certain retail space in the Technopark, plaintiff says that it

21  discovered that there actually was no such third party, and that Technopark employees

22  performed the renovation work on the retail spaces—all while on Viasphere's payroll and under

23  Vardanyan's supervision—without the company's knowledge or consent.  (Id. ¶ 18).

24  　　　　Given Vardanyan's professed commitment to Viasphere, the company says it was

25  induced to, among other things, enter into the 2001 and 2002 stock purchase agreements;

26  appoint Vardanyan General Director of the Technopark; appoint him to the Board of Directors;

27  agree to transfer 75% of the Technopark's retail spaces to Vardanyan; grant additional shares of

28

3

1   common stock, as well as Series A Preferred Stock; and to grant monies that were actually used

2   to further Vardanyan's personal interests and those of his family.  (Id. ¶ 19).

3       Viasphere filed this action in state court, asserting the following eight claims for relief:

4   (1) intentional misrepresentation; (2) negligent misrepresentation; (3) conversion; (4) breach of

5   fiduciary duty; (5) breach of the implied covenant of good faith and fair dealing; (6) imposition

6   of a constructive trust; (7) breach of contract; and (8) rescission based on fraud.  Viasphere

7   seeks at least $1 million in damages.  Vardanyan removed the matter here, asserting diversity

8   jurisdiction, 28 U.S.C. § 1332.

9       Defendant's motion to dismiss the complaint was granted in part and denied in part.

10   The court concluded that plaintiff's substantive allegations were sufficiently pled.  But, insofar

11   as Viasphere's claims appeared to be based on events stretching back about a decade, the court

12   found that Viasphere needed to plead more specific facts to plausibly support any delayed

13   accrual of its claims.

14       Vardanyan now moves to dismiss the FAC, arguing that plaintiff has not pled sufficient

15   facts to support the tolling of the applicable statute of limitations.  For the reasons stated below,

16   the motion is denied.

17                              LEGAL STANDARD

18       A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

19   the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a

20   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

21   theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In such a

22   motion, all material allegations in the complaint must be taken as true and construed in the light

23   most favorable to the claimant.  See id.  However, "[t]hreadbare recitals of the elements of a

24   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal,

25   129 S. Ct. 1937, 1949 (2009).  Moreover, "the court is not required to accept legal conclusions

26   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

27   facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2   claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

3   must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

4   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

5   However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at

6   1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference

7   that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide

8    detailed facts, but the pleading must include "more than an unadorned, the-defendant-

9   unlawfully-harmed-me accusation."  Id. at 1949.

10      Generally, the court may not consider any material outside the pleadings.[2]  However,

11   documents appended to the complaint or which properly are the subject of judicial notice may

12   be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See

13   Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir.

14   1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

15      While leave to amend generally is granted liberally, the court has discretion to dismiss a

16   claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

17   Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d

18   386, 393 (9th Cir. 1996)).

19                                    DISCUSSION

20      The "discovery rule" is an exception to the general rule of accrual of a claim for relief

21   and "assumes that all conditions of accrual of the action—including harm—exist, but

22   nevertheless postpones commencement of the limitation period until the plaintiff discovers or

23   should have discovered all facts essential to his cause of action."  Camsi IV v. Hunter Tech.

24   Corp., 230 Cal.App.3d 1525, 1536, 282 Cal.Rptr. 80 (1991) (quotations and citations omitted).

25   That is, the applicable limitations period does not begin to run until "plaintiff either (1) actually

26   discovered his injury and its negligent cause or (2) could have discovered injury and cause

27

28      [2]      Defense counsel has submitted a declaration addressing matters that are either
     irrelevant or unnecessary to the disposition of the instant motion.  That declaration will not
     be considered here.

United States District Court

For the Northern District of California

1    through the exercise of reasonable diligence." Id.; see also California Sansome Co. v. U.S.

2    Gypsum, 55 F.3d 1402, 1406 (9th Cir.1995) (the "discovery rule" tolls the limitations period

3    "until the plaintiff is on inquiry notice of its injury (and its wrongful cause).").  "Subjective

4    suspicion is not required." Mortkowitz v. Texaco, Inc., 842 F. Supp. 1232, 1238 (N.D. Cal.

5    1994) (citing Mangini v. Aerojet-General Corp., 230 Cal. App.3d 1125, 1150, 281 Cal. Rptr.

6    827 (1991)).  "If a person becomes aware of facts which would make a reasonably prudent

7    person suspicious, he or she has a duty to investigate further and is charged with knowledge of

8    matters which would have been revealed by such an investigation." Id.  "Thus, the rule protects

9    the plaintiff who is 'blamelessly ignorant' of his cause of action." Id.

10          To invoke the discovery rule, a plaintiff must plead facts showing (1) the time and

11   manner of discovery and (2) the inability to have made earlier discovery despite reasonable

12   diligence.  Camsi IV, 230 Cal.App.3d at 1536, 282 Cal.Rptr. 80 (1991).  Mere conclusory

13   assertions that delayed discovery was reasonable are insufficient. Id. at 1536-37.

14          The FAC alleges that Viasphere did not become aware of defendant's

15   misrepresentations until late 2010 and early 2011 because Vardanyan took steps to actively

16   conceal his misdeeds, including:

17          •    Instructing Technopark employees not to disclose to Viasphere representatives
                 who visited or contacted the Technopark, that Technopark employees were
18               working on defendant's personal residence—and threatening the employees with
                 termination or financial repercussions if they did;
19
20          •    Instructing Technopark employees not to disclose to Viasphere representatives
                 who visited or contacted the Technopark that Technopark employees, and not
21               third parties, were performing 100% of the renovations to the Technopark's
                 retail shops;
22          •    Instructing Technopark employees who answered Vardanyan's phone to mislead
                 Viasphere's representatives as to defendant's whereabouts and activities;
23
24          •    Maintaining two separate sets of records for the Technopark, and presenting only
                 one record (containing false financial statements and reports and other
25               misleading information) to Viasphere;

26          •    Attending shareholders' meetings and meetings of Viasphere's Board of
                 Directors and failing to disclose (or affirmatively misrepresenting) the true
                 nature of his activities at the Technopark;
27
28          •    Lying to Viasphere's representatives, during their visits to the Technopark, about
                 his activities and hiding evidence of his allegedly improper activities;

6

- • Insisting that Viasphere's representatives notify him of their visits to the Technopark well in advance and to visit only when he personally was present; and

- • Keeping Viasphere's representatives busy with tasks unrelated to the Technopark in order to minimize the time those representatives spent at the Technopark during visits.

(FAC ¶ 20). According to the FAC, plaintiff discovered the alleged fraud when, in late 2010, Viasphere asked Vardanyan to produce complete financial statements for an upcoming February 5, 2011 shareholders' meeting. Defendant was also asked to make a presentation about the present and future activities of the Technopark. Upon review of the documents Vardanyan provided, Viasphere claims that its Chief Financial Officer found inconsistencies between the documents and Vardanyan's prior representations to the company. The FAC further alleges that when Vardanyan was unable to satisfactorily explain the inconsistencies, Viasphere sent two of its officers to the Technopark, at which time plaintiff says it discovered that all of Vardanyan's prior representations were false. This led to the termination of Vardanyan's employment in late February 2011. (FAC ¶¶ 21-27).

For pleading purposes, the FAC alleges sufficiently specific facts showing the time and manner of Viasphere's discovery of the alleged fraud, as well as plaintiff's inability to have made earlier discovery despite reasonable diligence. Defendant argues that the FAC is deficient because it does not plead facts establishing that plaintiff actually exercised due diligence. Here, he says that Viasphere knew or should have known about the alleged fraud and therefore had a duty to investigate much sooner than it did. And, because it did nothing about the alleged misrepresentations until 2011, Vardanyan contends that, for purposes of tolling the limitations period, Viasphere could not have justifiably relied on his alleged misrepresentations. Defendant, however, points to no allegations in the FAC suggesting that Viasphere had notice of the alleged fraud earlier than plaintiff says it did.

Vardanyan complains that plaintiff has not produced evidence supporting its allegations. He also argues that he will be prejudiced by having to defend against what, he maintains, are stale claims. Here, he hypothesizes that evidence may have been lost over the years and that he will therefore be hampered in preparing a proper defense.

7

United States District Court

For the Northern District of California

1    "The 'discovery rule' is meant to ameliorate the harshness of the traditional application

2    of the statute of limitations where it would be manifestly unjust to deprive a plaintiff of a cause

3    of action before he is aware he has been injured." <u>Mortkowitz</u>, 842 F. Supp. at 1150 (quotations

4    and citation omitted).  Suffice to say that the court is not now deciding whether Viasphere's

5    claims are tolled.  And, this is not the time for the presentation of evidence.[3]  The only question

6    before the court on the instant motion is whether the FAC alleges sufficient facts which, if

7    proven, would entitle plaintiff to relief.  For present purposes, all material allegations in the

8    FAC are deemed true.  And, construing the allegations in a light most favorable to plaintiff, the

9    FAC on its face indicates that, because of defendant's efforts to conceal his conduct, Viasphere

10   had no reason to suspect that anything was wrong until the alleged events that unfolded in late

11   2010 and early 2011.  Whether plaintiff will actually succeed in establishing a claim for relief

12   remains to be seen.  On the record presented, however, the court finds that plaintiff has

13   succeeded in pleading sufficient facts to avoid dismissal, at least for now.

14        Based on the foregoing, defendant's motion to dismiss is denied.

15        SO ORDERED.

16   Dated: August 30, 2012

17        _____

18        HOWARD R. LLOYD
          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

---

28   [3]     If defendant has evidence that he believes will show that tolling is not
     warranted and that he is entitled to judgment, he certainly may present that evidence at an
     appropriate time and on an appropriate motion later.

1  5:12-cv-01536-HRL Notice has been electronically mailed to:

2  Ara Aroustamian     ara@lawaa.com

3  Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com

4  Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California