**PAHL & McCAY**
A Professional Law Corporation
**Stephen D. Pahl, Esq.** (State Bar No. 95900)
**Helene A. Simvoulakis-Panos, Esq.** (State Bar No. 256334)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone: (408) 286-5100
Facsimile: (408) 286-5722
Email: spahl@pahl-mccay.com; hsimvoulakis@pahl-mccay.com

Attorneys for Plaintiff, VIASPHERE INTERNATIONAL, INC.

**AROUSTAMIAN & ASSOCIATES**
**Ara Aroustamian** (State Bar No. 125008)
**Varand Vartanian** (State Bar No. 265912)
100 W. Broadway Blvd.
Suite 540, Gendale, CA 91210
Telephone: (818) 247-4700
Facsimile: (818) 247-4710
E-mail: ARA@LAWAA.COM; VARAND@LAWAA.COM

Attorneys for Defendant, ARAM VARDANYAN

# UNITED STATES DISTICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL INC., a Ca ) | Case No. C 12-01536 HRL |
| ) | |
| Plaintiff(s), ) | Related to Case No.: CV12-05645 HRL |
| ) | |
| vs. ) | **AMENDED DISCOVERY DISPUTE JOINT REPORT #1** |
| ) | |
| ARAM VARDARYAN, individually and ) doing business as CJSC, and DOES 1 ) through 50, inclusive. ) | |
| ) | |
| Defendant(s). ) | |
| ARAM VARDANYAN, Individually, ) | |
| ) | |
| Counter-claimant(s), ) | |
| ) | |
| vs. ) | |
| ) | |
| VIASPHERE INTERNATIONAL, INC., ) A California Corporation, ) | |
| ) | |
| Counter-defendant(s). ) | |

---
AMENDED DISCOVERY DISPUTE JOINT REPORT #1    1

The issue presented by the instant Amended Discovery Dispute Joint Report #1 (the "Joint Report") is whether ARAM VARDANYAN ("Vardanyan") should be required to appear personally in the United States to sit for a deposition to be duly-noticed on March 1, 2013, three days prior to a scheduled March 4, 2013 mediation, which mediation is to take place between Vardanyan, as well as VIASPHERE INTERNATIONAL, INC. ("Viasphere") ANTHONY MOROYAN ("Moroyan") and ALPHA VENTURES, LLC ("AVL")

On January 15, 2013, at approximately 3:15 p.m., counsel for Viasphere, Moroyan and AVL, and counsel for Vardanyan, met in the hallway outside Courtroom 2, Fifth Floor of the United States District Court, Northern District of California –San Jose Division, for approximately 20 minutes following the Case Management Conference in <u>Vardanyan v. Moroyan et al.</u>, United States District Court for the Northern District of California Case No. 5:12-CV-05645 HRL (the "Vardanyan Litigation").

By signing this document, below, Ara Aroustamian, of Aroustamian & Associates, lead counsel for Plaintiff, and Stephen D. Pahl, lead counsel for Defendants, sought to fully comply with the Court's Standing Order Re: Civil Discovery Disputes ("Standing Order").

I.

## FACTS GIVING RISE TO THE INSTANT DISPUTE

A.  **VARDANYAN**

Aram Vardanyan's counsel, Aroustamian & Associates, is a small law firm of only 3 full-time lawyers. Furthermore, as the principal of Aroustamian & Associates, only Mr. Ara Aroustamian is available for taking and defending depositions in this (and its related) case.

This discovery dispute arose when opposing counsel's office, Pahl & McCay, insisted on conducting Mr. Aram Vardanyan's deposition in Northern California two days prior to any mediation which is to be conducted in Northern California (although opposing counsel now apparently states they would like to take this deposition 3, not 2, days in advance.). Throughout, Aroustamian & Associates has maintained that Mr. Vardanyan will be available for both his deposition and the mediation itself via electronic video communication, but he will not be physically present for either. At no time have Mr. Vardanyan, nor Aroustamian & Associates, ever stated Mr. Vardanyan "intended to request that the Court permit (him) to complete the ADR

process without requiring (his) physical presence." In fact, this honorable court has indicated that in the private Alternative Dispute Resolution forum, it cannot require Mr. Vardanyan's physical presence for the private mediation.

Thereafter, Aroustamian & Associates made an inquiry from the mutually-selected mediator, Judge Wayne Brazil, as to whether he would be amenable to conducting the mediation with Mr. Vardanyan present via video electronic communication. Through his assistant, Ms. Joyce Florence, Judge Brazil has communicated twice (first in a December 29, 2012 e-mail, and then telephonically following the Initial Case Management Conference on January 15, 2013) that Judge Brazil has "no problem with the client attending the mediation via Skype." The second time Aroustamian & Associates reached out to Judge Brazil, Judge Brazil was asked (at this court's request) whether he believed he has authority to compel Mr. Vardanyan to appear personally at the mediation, and Judge Brazil stated he does not. All of this having been said, Aroustamian & Associates believes that Mr. Vardanyan's deposition and attendance at the mediation being conducted via video electronic communication to be a fair solution to this issue, and it would be a travesty for no mediation to be conducted at all simply based on opposing party's intransigent approach to this topic.

Aroustamian & Associates has repeatedly stated to opposing counsel that since there are at least 2 depositions which must be conducted in Armenia anyway (the Chief Tax Auditor of the Republic of Armenia, and Mr. Khachatur Khachikyan's), it makes little sense to insist on conducting Mr. Vardanyan's deposition in California. Opposing counsel's repeated response has been that since Mr. Vardanyan will have to be present at mediation, then they would like to conduct his deposition 2 days beforehand. This argument is nonsensical and has continually been made in a vacuum. Since neither this honorable court nor Judge Brazil has ordered Mr. Vardanyan to be physically present at mediation, Aroustamian & Associates will hereafter consider this issue moot, unless opposing counsel withdraws from the ADR process altogether. This, again, would be a simply inexcusable because this would mean the last few months will have been wasted relying on an impending mediation, not to mention the $2,000.00 Aroustamian & Associates has already committed to Judge Brazil for his mediation services.

As for opposing counsel's reiteration of the two statements made by Mr. Vardanyan's counsel, they are both true in the sense that Aroustamian & Associates has come to the conclusion that it will cost in excess of $10,000.00 in airfare, lodging and loss of work for Mr. Vardanyan to travel, even for a few days, to Northern California to attend the mediation. Additionally, on

AMENDED DISCOVERY DISPUTE JOINT REPORT #1

3

Friday, January 25, 2013, Aroustamian & Associates was also informed for the first time that Mr. Vardanyan is in poor physical condition and has been ordered by doctors not to travel in the near future. Medical evidence attesting to this fact will be provided once Aroustamian & Associates receives the same.

Finally, Aroustamian & Associates would be remiss if it did not address opposing counsel's insinuation that we refused to conduct an in-person meeting. When the foregoing issues arose, opposing counsel attempted to coordinate an in-person meeting in an e-mail on Friday, December 21, 2012, the weekend before the Christmas holiday. Therefore, there was more to this proposal than meets the eye: when Aroustamian & Associates responded to this proposal on December 26, 2012, the entire weekend and Christmas holidays having passed, it was obvious that a meeting was becoming less and less likely to occur. As such, the inability to conduct an in-person meeting was more a mutual failure than a unilateral refusal by Aroustamian & Associates.

**B.    VIASPHERE, MOROYAN AND AVL**

Mr. Pahl represents Moroyan and AVL in the Vardanyan Litigation, as well as Viasphere, in the related case of <u>Viasphere International, Inc. v. Vardanyan</u>, United States District Court for the Northern District of California Case No. C 12-01536 HRL (the "Viasphere Action"). In conjunction with discussions regarding mediating both the Viasphere Action and the Vardanyan Litigation, Viasphere, Moroyan and AVL proposed taking Vardanyan's deposition two days prior to any mediation session. In response, Vardanyan initially asserted that if Viasphere intended to take Vardanyan's deposition, Viasphere wil have to do so in Armenia and further, that Vardanyan intended to request that the Court permit Vardanyan to complete the ADR process without requiring Vardanyan's physical presence.

The parties agreed to mediate both the Vardanyan Litigation, as well as the Viasphere Action, with the Honorable Wayne D. Brazil (Ret.) on Monday, March 4, 2013. Accordingly, counsel for Viasphere, Moroyan and AVL proposed taking Vardanyan's deposition on Friday, March 1, 2013. Vardanyan's counsel indicated they were not amenable to this arrangement.

Thereafter, the parties met and conferred regarding the issue of the location of Vardanyan's deposition. When it became obvious that the parties could not resolve their dispute utilizing "customary convenient means of communication," such as telephone and email, Mr. Pahl attempted to schedule an in-person meeting with Vardanyan's counsel, via email, on three separate

4
AMENDED DISCOVERY DISPUTE JOINT REPORT #1

occasions: December 18, 2012, December 21, 2012 and December 26, 2012. Mr. Pahl's office stated that Mr. Pahl was available anytime between December 18, 2012 and December 28, 2012 for said in-person meeting, and further suggested that the in-person meeting take place at Mr. Pahl's office in San Jose, California, or at the Federal Courthouse in San Jose.

Vardanyan's counsel did not respond to Mr. Pahl's communications regarding this issue until December 26, 2012, at which time, Vardanyan's counsel unequivocally stated that "Mr. Vardanyan will not be traveling to the U.S. for a few hours to participate in a Mediation." Vardanyan's counsel further stated that Judge Brazil pre-approved Vardanyan's request to appear at the mediation via Skype. Regarding Vardanyan's deposition, Vardanyan's counsel further stated: "As I have maintained all along, if you wish to take his deposition, you must go to Yerevan."

Further, although Vardanyan's counsel provided proposed dates for an in-person meeting in San Jose, California (all of which dates were after December 28, 2012), Vardanyan's counsel stated that he "hop[ed] that further discussion about the deposition of Mr. Vardanyan in any place other than Yerevan would be ***moot now, as it is for me.***"

After the January 15, 2013 CMC in the Vardanyan Litigation, at which time, counsel for Viasphere stated her position that the Viasphere, Moroyan and AVL would not participate in private mediation absent Vardanyan's agreement to personally appear at the mediation, the parties conducted an in-person meeting, to discuss, among other issues, whether they could come to an agreement regarding Vardanyan's presence at the mediation and the deposition. The parties were unable to do so.

After their meeting, Vardanyan's counsel emailed Ms. Simvoulakis and Mr. Pahl, proposing to take eighteen depositions, including the depositions of Alexander Hovhannisyan, Hrant Vardanyan, Levon Atovmyan and Sargis Sargsyan. Mr. Hovhannisyan, Mr. Vardanyan, Mr. Atovmyan and Mr. Sargsyan are all employees of the Viasphere Technopark, CJSC, a wholly owned subsidiary of Viasphere. All four individuals reside in the Republic of Armenia.

On January 17, 2013, Ms. Simvoulakis informed Vardanyan's counsel that Mr. Pahl was not available on the dates selected by Vardanyan's counsel for the eighteen depositions, including

5
AMENDED DISCOVERY DISPUTE JOINT REPORT #1

the Armenian depositions. In addition to setting forth Mr. Pahl's availability as of January 17, 2013, Ms. Simvoulakis proposed bringing Mr. Hovhannisyan, Mr. Vardanyan, Mr. Atovmyan and Mr. Sargsyan to California to sit for their depositions in exchange for Vardanyan's agreement to travel to California to sit for his deposition three days prior to the scheduled mediation.

On January 18, 2013, Vardanyan's counsel declined Ms. Simvoulakis' proposal. Vardanyan's counsel also conceded that, due to the parties' scheduling conflicts, no depositions would take place in February 2013 in Armenia.

## II.

## POSITION

### A. VARDANYAN

Opposing counsel fails to realize that since Mr. Vardanyan is domiciled in Armenia, he is not required to be present in California for either his deposition or mediation. As a general rule, "in the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979). Moreover, in federal litigation, the party who wishes to propound discovery must go to where the desired witnesses are located. *Id.* In this case, the burden lies on the moving party, as such, the Defendant's have failed to cite any exceptional or unusual circumstance warranting departure from case law and past federal practice. In the event that Defendant's wish to propound discovery from Plaintiff in the form of a deposition, such deposition, accordingly to proper case law and authority, must take place in the deponent's vicinity, which in this case is Yerevan, Armenia.

Underlying this general rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. *See Work v. Bier*, 107 F.R.D. 789, 792 (D.C.1985). In this action, the opposing counsel filed the instant case in state court as Plaintiffs, thereby giving them their choice of forum. Moreover, even though Plaintiff here removed the action the Federal Court, the Federal Rules of Procedure restrict removal to a district court located within the state where the state court case was filed. 28 U.S.C. 1446 (a). Therefore,

since Defendants initially had their choice of forum in Case #: 5:12-cv-01536-HRL (where they were Plaintiffs), they cannot complain if they are required to depose a witness a great distance away from the forum.

While opposing counsel has indicated that they may not participate in private mediation if Mr. Vardanyan is not physically present, it is Aroustamian & Associates' position that opposing counsel not be allowed to retreat from private ADR once it has been selected.

In the interim, in an e-mail dated January 18, 2013, Plaintiff's counsel indicated they would be amenable to conducting Mr. Rassam, Mr. Tujian, Mr. Mullins and Mr. Sumner's depositions on February 1, Mr. Moroyans on February 14, 2013, and the remaining in San Francisco on February 21 and 22, 2013. These are dates that Mr. Pahl has declared as available for him. This would require the currently-set March 4, 2013, mediation to be postponed. If, however, opposing counsel withdraws from the private ADR process, then mediation will not have to be postponed and depositions can be conducted at any time prior to the cut-off date.

Furthermore, and as indicated above, due to Mr. Vardanyan's recent medical concerns, Aroustamian & Associates respectfully prays upon this court to not compel his physical appearance at his deposition or the mediation, mindful of the fact that at least 2 depositions will have to be conducted in Armenia (as stated above).

Finally, withdrawing from the private mediation process which could well result in settlement (even if partially) would not be in the best interest of the parties. There are countless examples of mediations where the participants are not present physically, and the matter still resolves. In fact, direct confrontation is not preferred in most mediation, which are usually conducted via caucuses. If opposing party and their attorney still insist on a face-to-face confrontation however, Mr. Aroustamian did propose to opposing counsel, Ms. Helene Simvoulakis, that opposing party is welcome to go to Armenia and talk to Mr. Vardanyan through our office. We are also prepared to conduct informal negotiations as well.

**B.   VIASPHERE, MOROYAN AND AVL**

"A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . . ." F.R.C.P. 30(a)(1). The court in which the action is pending "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including...specifying terms, including time and placed, for the disclosure or discovery." F.R.C.P. 26(c)(1)(B).

1     "A party noticing a deposition generally has discretion as to the place where a party
2 deposition will be taken, which discretion is subject to the court's power to grant a protective
3 order." Philadelphia Indemnity Ins. V. Federal Ins. Co., 214 F.R.D. 492, 495 (E.D. Pa. 2003).
4 However, "as a general rule, a plaintiff, having selected the forum in which the suit is brought,
5 will be required to make himself or herself available for examination there." Estate of
6 Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011). In other words:

> The general rule with respect to the location of depositions is that the plaintiff must produce its witnesses in the district in which the plaintiff instituted the action, 'unless the plaintiff has shown financial hardship or inability to attend the deposition in that district.'

Aerocine AB v. Apieron Inc., 267 F.R.D. 105, 108 (D.DE 2010) (citations omitted). "This presumption is not irrebutable, but to overcome it, a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010).

    In the present case, there is no basis justifying Vardanyan's refusal to appear in-person in the United States for his deposition. With respect to the Vardanyan Litigation, it was ***Vardanyan*** who initiated the lawsuit against Moroyan and AVL in the Northern District of California. Moreover, while it was Viasphere who initiated the Viasphere Action, Viasphere did so in Santa Clara County Superior Court. It was ***Vardanyan*** who made the decision to remove this case to federal court, thereby subjecting himself to federal deposition requirements. Given that it was ***Vardanyan***, not Viasphere, Moroyan or AVL, who selected the Northern District as the forum in both the Viasphere Action and the Vardanyan Litigation, Vardanyan should therefore be required to be deposed in the same forum.

    Moreover, Vardanyan has failed to establish that, for physical or financial reasons, it would be practically impossible, or otherwise fundamentally unfair, for him to be deposed in the Northern District of California. Indeed, there is no basis for Vardanyan to make this argument, given that he is required to personally appear at the parties' March 4, 2013 mediation. See ADR L.R. 6-10(a). Vardanyan's personal appearance is required regardless of whether or not the March

4, 2013 mediation is classified as "private," since said mediation is subject to a Court Order Selecting ADR Process. *(L.R. 16-8(c)(1); Viasphere Action Docket No. 25; Vardanyan Litigation Docket No. 13).* Because Vardanyan is already required to personally attend the mediation on March 4, 2013 in San Jose, California, there is no reason he should not likewise be required to personally appear in San Jose, California on March 1, 2013, three days prior, for his deposition.

To the extent the Court disagrees with the foregoing analysis and determines that it will not require Vardanyan to personally appear for both his deposition, as well as the March 4, 2013 mediation, Viasphere, Moroyan and AVL rescind their agreement to participate in "private" mediation and instead request that the parties be permitted to mediate their dispute via the Court's ADR Multi-Option Program.

## III.
## PROPOSAL

### A. VARDANYAN

If the foregoing options fail, it appears Mr. Pahl would be available to go to Armenia in April 2013 to conduct the depositions. This, however, has nothing to do with the mediation. The parties can still proceed with mediation on March 3, 2013, and if there is no settlement, then depositions may be conducted in Armenia in April 2013. Aroustamian & Associates would be amenable to re-noticing depositions in Armenia for April 2013. The one deposition that Aroustamian & Associates would conduct is Mr. Moroyan's, which has already been indicated and will be conducted on February 14, 2013, in San Francisco, California.

### B. VIASPHERE, MOROYAN AND AVL

In light of the foregoing, Viasphere, Moroyan and AVL respectfully request that the "most reasonable" proposal is for the Court to Order Vardanhyan to personally appear at 9:00 a.m. on Friday, March 1, 2013 at Pahl & McCay, 225 W. Santa Clara Street, Suite #1500, San Jose, California 95113 for a deposition to be duly noticed.

/////

Dated: January 26, 2013

AROUSTAMIAN & ASSOCIATES

By: _____
Ara Aroustamian
Attorneys for Defendant
ARAM VARDANYAN

Dated: January 29, 2013

PAHL & McCAY
A Professional Corporation

By: _____
Stephen D. Pahl

Attorneys for Plaintiff,
VIASPHERE INTERNATIONAL, INC.