*E-FILED: May 30, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL, INC., <br>     Plaintiff, <br>   v. <br> ARAM VARDANYAN, <br>     Defendant. <br> _____ / | No. C12-01536 HRL <br><br> **ORDER NOMINATING SPECIAL MASTER** |
| ARAM VARDANYAN, <br>     Plaintiff, <br>   v. <br> ANTHONY MOROYAN; ALPHA VENTURES, LLC, <br>     Defendants. <br> _____ / | No. C12-05645 HRL |

    The parties appeared before the court on May 21, 2013 and discussed the appointment of a Special Master for the purpose of handling all discovery disputes in these actions. All parties agreed that a Special Master should be appointed and stated that they are prepared to pay for the associated expenses. Additionally, the parties indicated that they each had nominees they wished to submit for the court's consideration.

    The court has considered the parties' respective lists of nominees. Finding no matches between their lists, the court will select one. Inasmuch as this matter is venued here, the court

generally agrees that the Special Master should also be located here. The court assumes that the parties' respective nominees are available to promptly take on the obligations set out in this order. Pursuant to Fed. R. Civ. P. 53, the court notifies the parties of its intent to appoint Hon. Kevin J. Murphy of ADR Services, Inc. on the following terms:

The Special Master will be appointed to address all pretrial discovery matters in these related actions.

Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master shall promptly file an affidavit with the court stating whether there are any grounds for disqualification under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify the court immediately if they become aware of any potential grounds that would require disqualification.

Pursuant to Rule 53(a)(3), the court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost saving to all parties. Moreover, as noted above, the parties have consented to the appointment of a Special Master and have agreed to pay for the associated expenses. The court will protect against unreasonable expenses and delay through regular communication with the Special Master.

The Special Master shall proceed with all reasonable diligence in performing his duties. He shall exercise the power necessary or proper to regulate all proceedings before him and shall do all acts and take all measures necessary or proper for the efficient performance of his duties under this order.

Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the court with management of discovery pursuant to the Federal Rules of Civil Procedure, and in particular Rule 26 and with adjudication of all discovery motions and disputes between the parties in this matter pursuant to Rules 37 or 45. However, Vardanyan's request for permission to seek reconsideration of the court's February 25, 2013 order requiring him to appear here in California for his deposition remains under submission with this court.

1   The Special Master shall have the authority provided in Rule 53(c) and 53(d).

2   The procedural requirements contained in this Court's Local Rules and Pretrial Orders
3   shall govern any motion practice before the Special Master subject to the Special Master's
4   discretion to adopt reasonable alternative procedural requirements with notice to the parties
5   thereof.

6   Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the
7   court at any time. The Special Master shall not communicate ex parte with any party, third
8   party witness, or counsel for any party or third party.

9   Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting
10  of all documents submitted to him by the parties and any of his written orders, findings, and
11  recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders,
12  findings, and recommendations with the court via the court's Electronic Case Filing ("ECF").
13  Such filing shall fulfill the Special Master's duty to serve his order on the parties.

14  Pursuant to Rule 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an
15  hourly rate of $425.00 for his services pursuant to this order. Additionally, the court is
16  informed that he charges an administrative fee of $250.00 per party and a $250.00 conflicts
17  check fee. The Special Master shall prepare a monthly invoice for his services, which he shall
18  provide to counsel for the parties. The Special Master's invoices shall be split equally among
19  the parties. Such invoices shall be paid promptly.

20  Pursuant to Rule 53(f), the Special Master shall report to the court as directed by the
21  court.

22  Pursuant to Rule 53(b)(2)(D) and 53(f), the following procedures shall govern any
23  action on the Special Master's orders, reports, and recommendations: Any party wishing to file
24  objections to or a motion to adopt or modify the Special Master's orders, reports, and
25  recommendations must file such objections or motion with the Court within seven (7) days from
26  the day the Special Master filed the order, report, and recommendation via ECF. Any order
27  issued by the Special Master shall remain in effect pending any such objection or motion, unless
28  the Special Master holds otherwise. A party may, however, move to stay the Special Master's

1 order pending review by the court. The party filing the objection or motion shall submit with
2 such objection or motion any record necessary for the court to review the Special Master's
3 order, report, and recommendation, including any transcripts of proceedings before the Special
4 Master and any documents submitted by the parties in connection with the Special Master's
5 order, report, and recommendation. Failure to provide the record shall constitute grounds for
6 the court to overrule the objection or deny the motion. No such objection or motion may be
7 filed by any party after seven (7) days from the day the Special Master filed the order, report, or
8 recommendation via ECF. Pursuant to Fed. R. Civ. P. 53(f)(3), the court shall review findings
9 of fact made or recommended by the Special Master de novo. Pursuant to Fed. R. Civ. P.
10 53(f)(4), the court shall review de novo any conclusions of law made or recommended by the
11 Special Master. Pursuant to Fed. R. Civ. P. 53(f)(5), the court will set aside the Special
12 Master's ruling on a procedural matter only for an abuse of discretion.

13 Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendations of the
14 Special Master, the court shall afford each party an opportunity to be heard and, in its
15 discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or
16 reverse; resubmit to the Special Master with instructions; or make any further orders it deems
17 appropriate.

18 Any objections to Hon. Kevin J. Murphy being named as Special Master shall be filed
19 within 5 days from the filing of his Fed. R. Civ. P. 53(a)(2) affidavit.

20 SO ORDERED.
21 Dated: May 30, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com

5:12-cv-05645-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com

\*\*The court is providing a copy of this order to the Special Master-nominee.\*\*