NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASPHERE INTERNATIONAL, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>ARAM VARDANYAN,<br><br>            Defendant. | Case No.   5:12-cv-01536 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re:   Dkt. No. 96] |

      Plaintiff Viasphere International, Inc. (Viasphere) alleges that defendant Aram Vardanyan (a former company director and Armenian citizen domiciled in Yerevan, Armenia) used Viasphere's resources and funds for his own personal interests and then lied to the company about it and engaged in all sorts of mischief to cover his tracks.  It asserts the following eight claims for relief: (1) Intentional Misrepresentation; (2) Negligent Misrepresentation; (3) Conversion; (4) Breach of Fiduciary Duty; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Constructive Trust; (7) Breach of Contract; and (8) Rescission based on Fraud.

      Pursuant to Fed. R. Civ. P. 56, defendant moves for summary judgment on all claims on the grounds that (1) all of plaintiff's claims are time-barred; and (2) plaintiff has no evidence to support its allegations.  Plaintiff opposes the motion.  Upon consideration of the moving and

responding papers, as well as the arguments of counsel, the court denies the motion.[1]

Although it appears that some of the statements made by plaintiff's declarants may lack foundation or are hearsay, the court finds that plaintiff nevertheless has submitted ample admissible evidence creating a genuine issue of material fact as to: (1) what Viasphere knew about defendant's alleged activities and when (and, specifically, whether plaintiff could or should have known about defendant's alleged misdeeds as early as 2007, as defendant contends); (2) whether there is an employment contract between plaintiff and defendant; and (3) whether defendant engaged in various acts of fraud and self-dealing. Accordingly, summary judgment is inappropriate. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Because defendant says that Gagik Kirakosyan was disclosed as a witness for the first time in plaintiff's opposition papers, the court has not considered Kirakosyan's declaration in ruling on the instant motion. Nevertheless, to the extent Viasphere intends to present Kirakosyan as a witness at trial, the court will at that time re-visit the propriety of permitting his testimony on a motion in limine.

SO ORDERED.

Dated: November 21, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Each side moves to strike certain filings of the opposing party on the ground that the papers do not comply with the court's Civil Local Rules. Additionally, defendant objects to and moves to strike various errata filings made by plaintiff after the deadline for its opposition papers, i.e., exhibits that plaintiff failed to append to various declarations discussing them. Suffice to say that both parties have violated the court's rules in briefing the instant motion. And, while plaintiff's errata filings appear to be the product of considerable disorganization on the part of plaintiff's counsel, it is not apparent to the court that defendant suffered serious prejudice, if any, as a result. In the exercise of its discretion, the court denies the motions to strike and has considered the parties' improper filings. Even so, the court does not condone the parties' failure to adhere to its rules and warns them against future non-compliance.

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

Kevin John Murphy     kmurphy@adrservices.org

Sonia Sanjit Shah     sshah@pahl-mccay.com, manaya@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com