NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASPHERE INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARAM VARDANYAN,<br><br>Defendant. | Case No.  5:12-cv-01536 HRL<br><br>**ORDER DIRECTING THE PARTIES TO PARTICIPATE IN MEDIATION** |

On July 25, 2012, and at the parties' request, the court entered an order referring this matter to private mediation with JAMS, with the mediation to be conducted by November 1, 2012. (Dkt. 25).  The court subsequently granted the parties' request to extend the mediation deadline to January 31, 2013.  (Dkt. 38).  Because the parties were unable to agree upon something as simple as the date for the mediation, in its case management order, the court had to direct them to pick one by January 10, 2013 and ordered that the mediation take place on or before March 15, 2013. (Dkt. 47).  This court was told that the parties agreed upon a March 4, 2013 mediation date with Judge Brazil.

It was around this time that the parties became embroiled in a protracted skirmish over the location of defendant's deposition.  Unfortunately, that dispute affected the parties' mediation efforts because plaintiff wanted defendant's deposition and the mediation to occur in close temporal proximity and insisted that defendant travel here for both.  Suffice to say that the court

1 ultimately denied Viasphere's request[1] to withdraw its agreement to participate in private mediation. (Dkt. 54). In that same order, this court said that it would defer to Judge Brazil's decisions as to how the mediation should be conducted. (Id.).

The March 4 mediation came and went, and it has now been well over a year since the court referred this matter to private mediation. And, much to the court's displeasure, there is no indication that the parties have ever mediated their dispute, despite multiple orders directing them to do so. Accordingly, the parties are directed to immediately schedule their private mediation, with the mediation to take place prior the January 30, 2014 pretrial conference. If Judge Brazil is unavailable to mediate the matter between now and then, the parties shall select another mediator who is available. The parties shall cooperate with one another in scheduling the mediation and, if necessary, picking an alternate mediator. The court reiterates that it will defer to the mediator's decisions as to how the mediation should be conducted. Should the parties fail to comply with this order, the court may consider issuing an order directing one or both of them to show cause why they should not be sanctioned for failure to comply with the orders of this court.

SO ORDERED.

Dated: November 21, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's request was also joined by Anthony Moroyan and Alpha Ventures, the defendants in Case No. 5:12-cv-05645 HRL, *Vardanyan v. Moroyan, et al.* The court recalls that, at one point in time, the parties considered holding a joint mediation in this case and that one. The court will not preclude them from seeking to hold a joint mediation in both cases if they wish. However, the court emphasizes that it is requiring the parties to the instant action to participate in mediation prior to the January 30, 2014 pretrial conference. If, for whatever reason, the *Moroyan* matter interferes with the parties' ability to proceed with a mediation in the instant case, then the parties will have to mediate the cases separately.

2

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

Kevin John Murphy     kmurphy@adrservices.org

Sonia Sanjit Shah     sshah@pahl-mccay.com, manaya@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com