United States District Court
Northern District of California

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIASPHERE INTERNATIONAL, INC.,
Plaintiff,

v.

ARAM VARDANYAN,
Defendant.

Case No. 5:12-cv-01536 HRL

**ORDER RE PARTIES' MOTIONS IN LIMINE**

[Re: Dkt. Nos. 128-129, 131, 136, 137]

As discussed at the February 18, 2014 Final Pretrial Conference, and upon consideration of the parties' respective moving and responding papers, the court rules on their motions in limine as follows:

Plaintiff's Motion in Limine No. 1 to "Exclude Reference to or Evidence not Produced in Discovery" is GRANTED as to any documents, witnesses, or testimony not disclosed in discovery, except as may be relevant for impeachment purposes only. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are not allowed to use evidence they did not disclose in discovery, unless the failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Vardanyan has not convincingly demonstrated that his failure to disclose his proposed trial Exhibit Nos. 360 and 361

United States District Court
Northern District of California

in discovery was substantially justified or harmless.[1]

Plaintiff's Motion in Limine No. 2 to "Exclude any Reference to Defendant's Counterclaim or Complaint in the Related Case" is GRANTED. Fed. R. Evid. 402, 403.

Defendant's Motion in Limine No. 1 to "Exclude any Evidence not Previously Identified in Plaintiff's Initial Disclosures or Produced During Discovery" is GRANTED as to any documents, witnesses, or testimony not disclosed in discovery, except as may be relevant for impeachment purposes only. Fed. R. Civ. P. 26(a)(1)(A)(i). As for the specific witnesses raised in this motion: The motion is granted as to Gagik Kirakosyan. Viasphere has not convincingly demonstrated that the failure to disclose him in discovery was substantially justified or harmless. Fed. R. Civ. P. 37(c); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Viasphere will, however, be permitted to present Kirakosyan solely for impeachment, assuming he legitimately may be presented for that purpose. The motion is denied as to Hrant Vardanyan, Sargis Sargsyan, Alexandr Hovhannisyan, Levon Atovmyan, and Georgi Danielyan because these witnesses were disclosed in plaintiff's initial disclosures or otherwise through the discovery process. The record presented shows that Vardanyan either did not bother to conduct discovery of these witnesses or failed to follow proper procedures in seeking such discovery. However, affidavits from witnesses who do not appear for testimony may not be used at trial, except as may be relevant for impeachment.

Defendant's Motion in Limine Nos. 2 and 3 both seek to preclude Viasphere from offering into evidence the "Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" (Employment Agreement). Both motions will be denied. Although the document

[1] Thus far, defendant's proposed exhibits 360 and 361 are the only ones that have been identified to the court as not having been produced in discovery. Vardanyan says that all of his other exhibits were previously produced. Plaintiff says that, aside from the documents it produced itself, it cannot be sure because Vardanyan did not Bates-number his document production. Nor did he provide plaintiff (or the court) with a copy of his proposed exhibits. As discussed at the pretrial conference, the parties' lead counsel are to meet-and-confer in person here for the purpose of sorting out what defendant's other proposed exhibits are; whether they were produced in discovery; and whether or not there are any objections to them---and then advise the court accordingly no later than May 20, 2014 so that any issues properly may be resolved at the further pretrial conference scheduled for May 27, 2014.

United States District Court
Northern District of California

was not alleged in plaintiff's First Amended Complaint, there is no dispute that Viasphere produced the Employment Agreement multiple times in discovery and that both sides conducted discovery as to that document. While the parties dispute the authenticity of the document, issues as to authenticity are factual matters for the jury to decide. Each side may present its evidence accordingly.

SO ORDERED.

Dated: February 24, 2014



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian ara@lawaa.com

Helene Anastasia Simvoulakis hsimvoulakis@pahl-mccay.com, ssamayoa@pahl-mccay.com

Kevin John Murphy kmurphy@adrservices.org

Sonia Sanjit Shah sshah@pahl-mccay.com, tmeek@pahl-mccay.com

Stephen Donald Pahl spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian Varand@lawaa.com