UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIASPHERE INTERNATIONAL , INC,<br><br>        Plaintiff,<br><br>    v.<br><br>ARAM VARDANYAN,<br><br>        Defendant. | Case No.  12-cv-01536-HRL<br><br>**MEMORANDUM OF DECISION ON EQUITABLE CLAIMS FOR RELIEF**<br><br>Re: Dkt. Nos. 226, 227 |

Following a jury verdict in favor of plaintiff on its claims for intentional misrepresentation, negligent misrepresentation, conversion, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and breach of contract, plaintiff now moves the court to find in its favor on its two equitable claims of rescission and constructive trust. Dkt. No. 226 (Motion). Defendant opposes. Dkt. No. 227 (Opp'n). For the reasons explained below, the court finds in plaintiff's favor on the rescission claim and in defendant's favor on the constructive trust remedy.

**I.  BACKGROUND**

Plaintiff Viasphere International, Inc. ("Viasphere") sued its former employee, director, and shareholder, defendant Aram Vardanyan ("Vardanyan") alleging eight claims. The basis for Viasphere's complaint was that Vardanyan did not work full time for Viasphere as he had promised, and misappropriated company funds and resources for his own use. *See* Dkt. No. 15 (First Amended Complaint).

Specifically, Viasphere entered into two Stock Option Agreements with Vardanyan, and Vardanyan agreed to purchase 1,713,000 shares of Viasphere common stock at a price of $0.001 per share, for a total of $1,713.00. FAC at ¶¶ 7-8. The Stock Option Agreements were contingent on Vardanyan being a "full time employee," and Vardanyan was appointed General Director of the Viasphere Technopark, a commercial development located in Armenia. *Id.* at ¶¶ 10-11.

While employed by Viasphere, Vardanyan allegedly worked on his own company, Barva, Ltd., which conflicted with his duties towards Viasphere, used Viasphere "employees, materials, and resources" to build a personal residence, engaged in self-dealing with family members, and various other transgressions. FAC at ¶ 18.

After a two-week trial, a jury returned a verdict in favor of Viasphere on all six counts, including finding that the statute of limitations on Viasphere's claims had not run. The jury awarded compensatory damages of $72,500 and punitive damages of $1,001,713.

Viasphere now seeks entry of judgment on its two remaining equitable claims, rescission and constructive trust.

## II. CLAIM FOR RESCISSION

Plaintiff seeks to rescind the Stock Option Agreements in exchange for returning the purchase price of $1,713 to defendant. Defendant's argument in opposition to granting judgment on the claim for rescission is that it conflicts with the jury's verdict on the breach of contract claim.

> When one party has been injured by a breach of contract and she either lacks the ability or the desire to keep the contract alive, she can choose between two different remedies. She can treat the contract as rescinded and recover damages resulting from the rescission. Or she can treat the contract as repudiated by the other party and recover damages to which she would have been entitled had the other party not breached the contract or prevented her performance. An action for rescission is based on the disaffirmance of the contract and an action for damages for breach of contract is based on its affirmance. An action for rescission and an action for breach of contract are alternative remedies. The election of one bars recovery under the other.

*Akin v. Certain Underwriters At Lloyd's London*, 140 Cal. App. 4th 291, 296 (2006) (internal citations omitted).

Although defendant is correct that plaintiff cannot recover both breach of contract damages and rescind the contract, plaintiff is entitled to elect his remedy at any time prior to judgment. *See May v. Watt*, 822 F.2d 896, 900-01 (9th Cir. 1987) ("[Plaintiff] has not waived his right to seek quantum meruit recovery by electing to submit a contract damage theory to the jury . . . he was not required to make an election between the relevant contract theories he advocated (breach of contract and rescission) prior to a jury verdict." (citing *North Am. Graphite Corp. v. Allan,* 184 F.2d 387, 389 (D.C. Cir. 1950)); *see also Dopp v. HTP Corp.*, 947 F.2d 506, 515 (1st Cir. 1991) ("Generally, an election between inconsistent remedies is made after a verdict is entered but prior to the entry of judgment." (internal quotation and citation omitted)).

As the Restatement (Second) of Contracts notes, if defendant can show a material reliance on plaintiff's supposed election for breach of contract, plaintiff may be estopped from electing rescission. § 378 (Election Among Remedies) ("If a party has more than one remedy under the rules stated in this Chapter, his manifestation of a choice of one of them by bringing suit or otherwise is not a bar to another remedy unless the remedies are inconsistent and the other party materially changes his position in reliance on the manifestation."). Here, however, no showing of detrimental reliance was made or proferred by Vardanyan.[1]

Accordingly, the court finds in plaintiff's favor on the rescission claim.

### III. CLAIM FOR IMPOSITION OF CONSTRUCTIVE TRUST

Plaintiff also seeks an order "requiring Vardanyan to hold the fruits of all monies wrongfully converted, in trust for Viasphere." Mot. at 2. Defendant opposes primarily on the basis that money damages are an adequate remedy, such that the court should not grant equitable relief.

Preliminarily, the court notes that a constructive trust is not a cause of action but rather an equitable remedy. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 76 (1990); 13 Witkin, Cal. Procedure, Trusts, § 319 (2005). "A constructive trust is an involuntary equitable trust created by

---

[1] The court also agrees with plaintiff that the rescission claim is not time barred, as shown by the jury's verdict on the legal claims, which found that Vardanyan's wrongful conduct occurred before February 2008 but that Viasphere could not have reasonably discovered the harm prior to February 2008. Mot. at 7-8; Verdict at 4.

3

operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner." *Burlesci v. Peterson*, 68 Cal.App.4th 1062, 1069 (1998). Accordingly, the court cannot grant "judgment" in favor of Viasphere on the claim for constructive trust, but may order that a constructive trust be imposed as a form of equitable relief. *Id.* (constructive trust may be a remedy for conversion).

Second, the court notes that the "adequate remedy at law" doctrine does not typically apply to claims for constructive trust. *See Heckmann v. Ahmanson*, 168 Cal. App. 3d 119, 214 (1985) ("In California, as in most jurisdictions, an action in equity to establish a constructive trust does not depend on the absence of an adequate legal remedy."). Thus, defendant's primary argument against awarding equitable relief is not persuasive.

Defendant's second argument is that plaintiff has failed to identify the property that would be subject to the trust. In order to establish a constructive trust, the plaintiff must show (1) a res, property or some interest in property, (2) the plaintiff's right to that res, and (3) the defendant's acquisition of the res by some wrongful act. *See Calistoga Civic Club v. City of Calistoga*, 143 Cal. App. 3d 111, 116 (1983). Here, the court agrees that it is not clear what the res of the trust would be.

A constructive trust requires "money or property identified as belonging in good conscience to the plaintiff [which can] clearly be traced to particular funds or property in the defendant's possession*." Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)). A constructive trust is available where the specific res or funds can be identified and attached, "but not where the plaintiff seeks to impose general personal liability as a remedy for the defendant's monetary obligations." *Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003).

Plaintiff requests that Vardanyan hold in trust "the revenue from the Zenith System, the rents collected and personnel and resources commandeered." Mot. at 10. Plaintiff also appears to propose that the trust res could be Vardanyan's shares of Viasphere stock. Pl. Reply at 2. If the res were the stock, it is not clear how Vardanyan derived "the revenue from the Zenith System, the

4

rents collected and personnel and resources" from merely holding the Viasphere stock. To the extent that the res is simply the amount of the verdict, courts generally do not simply order a constructive trust over the amount of the verdict. *Honolulu*, 332 F.3d at 1238. Viasphere does not propose any specific amount, funds, accounts, or other property that would form the body of the trust. Viasphere thus fails to meet the first requirement for imposition of a constructive trust, a res or property that could form the body of the trust. *Calistoga Civic Club*, 143 Cal. App. 3d at 116.

Accordingly, the court declines to order a constructive trust over the amount of the jury verdict or over the Viasphere stock. The import of declining to impose a constructive trust remedy is minimal, as Viasphere may undo the issuance of the shares to Vardanyan by electing to recover under the rescission claim.

## IV. ORDER

For the reasons explained above, the court finds in plaintiff's favor on the rescission claim and in defendant's favor on the constructive trust remedy. Plaintiff shall file a proposed judgment within 14 days of this Order, indicating whether it wishes to recover damages or rescind the Stock Option Agreements. If plaintiff elects to rescind the Stock Option Agreements, plaintiff shall also file proposed findings of fact and conclusions of law related to the rescission claim. Defendant may file objections to the proposed judgment and, if applicable, findings of fact and conclusions of law, within 7 days of plaintiff's filing, not to exceed 5 pages.

**IT IS SO ORDERED**.

Dated:   February 4, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian    ara@lawaa.com

Armen Shaghzo    as@shaghzolaw.com

Fenn C. Horton , III    fhorton@pahl-mccay.com, drinnert@pahl-mccay.com

Helene Anastasia Simvoulakis    hsimvoulakis@pahl-mccay.com, drinnert@pahl-mccay.com

Sonia Sanjit Shah    sshah@pahl-mccay.com

Stephen Donald Pahl    spahl@pahl-mccay.com, drinnert@pahl-mccay.com, fhorton@pahl-mccay.com, sshah@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian    Varand@lawaa.com