UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARAM VARDARYAN,<br><br>　　　　　Defendant. | Case No. 5:12-cv-01536-HRL<br><br>**ORDER GRANTING VIASPHERE INTERNATIONAL, INC.'S MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 250 |

Following a 10-day trial, the jury rendered a verdict favor of plaintiff Viasphere International, Inc. (Viasphere) and against defendant Aram Vardanyan on six claims: intentional misrepresentation, negligent misrepresentation, conversion, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. Viasphere was awarded $72,500 in compensatory damages and $1,001,713 in punitive damages. (Dkt. 215, 218).

After post-trial briefing, the court issued its memorandum of decision on the two remaining equitable matters: Viasphere's request for imposition of a constructive trust and for rescission based on fraud. (Dkt. 232). The court found in Vardanyan's favor on the request for constructive trust and ruled in Viasphere's favor on rescission. Because rescission of a contract and damages for breach of contract are alternate remedies, Viasphere was invited to choose between the two. (Id.). Viasphere chose rescission.

At the court's direction, the parties then submitted further briefing on the jury's damages

award. The court determined that any damages awarded for the breach of contract claim must be removed in order for Viasphere to rescind the contract. But because the contract and tort claims were submitted to the jury on a general verdict form, the damages were not allocated across the different claims. Finding no principled way to allocate the compensatory damages award, the court did not apportion the verdict amongst Viasphere's different claims or assume that the entire amount of damages was based on the tort claims alone. No compensatory damages were awarded. And, the court therefore did not award any punitive damages. (Dkt. 244).

Judgment was entered accordingly on April 30, 2015. (Dkt. 245).

Pursuant to Fed. R. Civ. P. 59(e),[1] Viasphere now moves to alter the judgment. Viasphere does not challenge the portion of the judgment awarding no compensatory damages. Instead, Viasphere only seeks to reinstate the jury's punitive damages award, arguing that such damages are justified under California Civil Code § 3294, notwithstanding the absence of an award of actual damages. Viasphere further argues that the award of punitive damages is not precluded by the court's conclusion that the compensatory damages cannot be apportioned among the contract and tort claims. Vardanyan opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion.

California Civil Code § 3294 provides, in relevant part:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a). Citing Topanga Corp. v. Gentile, 58 Cal. Rptr. 713 (Cal. App. 1967), Viasphere argues that "actual damages" under § 3294 simply refers to a requirement that tortious conduct be proven, and not that an award of actual damages be made. Indeed, in Topanga Corp.,

---

[1] Arguing that the present motion should have been filed pursuant to Fed. R. Civ. P. 52, Vardanyan contends that the motion is untimely. Vardanyan's argument fails to convince. Both Rule 52 (which pertains to findings and conclusions by the court) and Rule 59 (which governs motions for a new trial or to alter or amend a judgment) require a party to move within 28 days after entry of the challenged judgment. Fed. R. Civ. P. 52(b); Fed. R. Civ. P. 59(e). The court's findings of fact and conclusions of law, as well as the resulting judgment, were all entered on April 30. Viasphere timely filed the instant motion 2 weeks later.

1  the plaintiffs sought punitive damages, but did not pray for or recover actual damages.
2  Nevertheless, the appellate court permitted punitive damages because "[t]he requirement of 'actual
3  damages' imposed by section 3294 is simply the requirement that a tortious act be proven if
4  punitive damages are to be assessed." Id. at 719.  The appellate court reasoned that "the fact that
5  plaintiffs were not given a grant of monetary damages of a certain amount is not determinative"
6  because the plaintiff had, in fact, been damaged by the defendant's fraudulent conduct. Id.
7  Viasphere also cites Werschkull v. United California Bank, in which the court of appeal concluded
8  that the jury's finding that the plaintiff suffered actual damages as a result of the defendant's
9  fraudulent conduct (albeit, in an unspecified amount) was sufficient to support their award of
10 punitive damages.  149 Cal. Rptr. 829, 842-44 (Cal. App. 1979); see also Esparza v. Specht, 127
11 Cal. Rptr. 493, 498 (Cal. App. 1976) ("We conclude that for purposes of finding actual damages to
12 justify recovery of punitive damages it is sufficient that the defrauded party show a damage, and
13 not that he must show bottomline damages, i.e., damages over and above all the cross-claims of
14 the perpetrator of the fraud.").

15   The jury in this case found in Viasphere's favor on the breach of contract and tort claims
16 and concluded that Viasphere suffered actual damages in the amount of $72,500.  They also found
17 that Vardanyan acted with malice, oppression, and fraud.  (Dkt. 215, 218).  What this court
18 understands Viasphere to be saying is this:  By opting for rescission (and in view of the non-
19 apportionment of the actual damages among Viasphere's contract and tort claims), Viasphere gave
20 up the right to a compensatory damages *award*; but Viasphere did not give up the punitive
21 damages award that was based on the jury's *finding* that Viasphere suffered actual damage as a
22 result of Vardanyan's tortious conduct.  The above-cited cases support that proposition.

23   Vardanyan has not cited authority to the contrary.  He directs the court's attention to more
24 recent decisions, arguing that an express *award* of actual damages is required to recover punitive
25 damages.  And, indeed, some of the cited cases do phrase the rule in that way.  However, each
26 case is distinguishable in that the plaintiffs were found not to have suffered any compensable
27 damages at all, or the finding that the plaintiffs suffered actual damage was reversed.  In Cheung
28 v. Daley, 42 Cal. Rptr.2d 164 (Cal. App. 1995), the appellate court held that plaintiffs were not

3

entitled to punitive damages because, although the evidence supported the jury's finding that defendant acted with fraud, oppression, or malice, the jury also found that plaintiffs did not suffer any compensable damages. See id. at 166. In Sole Energy Co. v. Petrominerals Corp., 26 Cal. Rptr.3d 798 (Cal. App. 2005), the jury awarded plaintiffs compensatory and punitive damages. Nevertheless, the trial court ultimately granted most of defendants' post-trial motions for judgment notwithstanding the verdict (JNOV), concluding (among other things) that plaintiffs failed to present evidence proving their claims. See id. at 806-07. On appeal, the trial court's decision to grant defendants' JNOV motions was upheld; and, to the extent the trial court denied any portion of defendants' JNOV motions, those rulings were reversed. Id. at 219. In Potter v. Firestone Tire & Rubber Co., 863 P.2d 795 (Cal. S. Ct. 1993), the trial court awarded damages for intentional infliction of emotional distress and also awarded punitive damages based on that conduct. The California Supreme Court ultimately reversed the damages award for intentional infliction of emotional distress (concluding that it was questionable whether the evidence supported a finding of such conduct) and therefore also reversed the related award of punitive damages. Id. at 821.

As discussed, the jury found that Viasphere suffered actual damages and that Vardanyan acted with malice, oppression, and fraud. (Dkt. 215). This court subsequently determined that no compensatory damages would be awarded---not because of any error in the jury's finding on liability on any of the claims---but because Viasphere is not entitled to both rescission and damages for breach of contract, and the compensatory damage award could not be allocated among Viasphere's claims.

Vardanyan argues that Viasphere is attempting to relitigate the question whether the company is entitled to recover compensatory damages in addition to rescission, and he says that ship has sailed. However, as Vardanyan himself stated at the motion hearing, the issue now before the court is whether Viasphere is nonetheless entitled to the jury's award of punitive damages, which he acknowledged is a separate matter.[2] Indeed, Viasphere is not seeking to reinstate the

---

[2] At oral argument, Vardanyan suggested that he did not have a fair opportunity to properly brief the issue. However, when the court offered him a chance to submit further briefing, Vardanyan declined and stated that he believes the record presented is sufficient for the court to issue its ruling.

1  compensatory damages award, but simply points to that award as proof that the jury found that the
2  company in fact suffered actual damages because of Vardanyan's tortious conduct.  Moreover,
3  Viasphere sought rescission based on defendant's fraudulent conduct (Dkt. 15, First Amended
4  Complaint, ¶¶ 70-76); and, in determining that no compensatory damages would be awarded, this
5  court focused on Viasphere's contract claim, not its tort claims.  (Dkt. 244).  The jury clearly
6  found that defendant engaged in tortious conduct (including fraud) and that Viasphere suffered
7  actual damages because of it.  (Dkt. 215, 218).  On the record presented, Viasphere has
8  convincingly demonstrated that that is sufficient basis to reinstate the jury's punitive damages
9  award.  Accordingly, Viasphere's motion to alter the judgment is granted.[3]

10  SO ORDERED.
11  Dated:  July 17, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[3] For the first time at oral argument, Vardanyan expressed concern about the constitutionality of the punitive damages award.  Those arguments were deemed to be premature.  Vardanyan is not precluded from challenging the punitive damages award once an amended judgment is entered.

5

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Armen Shaghzo     as@shaghzolaw.com

Fenn C. Horton , III     fhorton@pahl-mccay.com, drinnert@pahl-mccay.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, manaya@pahl-mccay.com

Servando R. Sandoval     ssandoval@pahl-mccay.com, manaya@pahl-mccay.com, tmeek@pahl-mccay.com

Sonia Sanjit Shah     sshah@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com