UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL , INC, <br><br>      Plaintiff, <br><br>    v. <br><br> ARAM VARDARYAN, <br><br>      Defendant. | Case No.  5:12-cv-01536-HRL <br><br> **ORDER GRANTING VARDANYAN'S MOTION FOR TEMPORARY STAY OF EXECUTION OF JUDGMENT** <br><br> Re: Dkt. No. 261 |

On July 17, 2015, this court entered an amended judgment in Viasphere's favor.  Pursuant to Fed. R. Civ. P. 62(b), Vardanyan now moves for a temporary stay of execution of that judgment pending resolution of his pending motion for judgment as a matter of law, or alternatively for a new trial.[1]  Although Vardanyan advises that the company declined to stipulate to the requested stay, Viasphere has not filed a response to Vardanyan's request.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).

Pursuant to Federal Rule of Civil Procedure 62(b), the court has discretion, on appropriate terms for the opposing party's security, to stay the execution of the enforcement of a judgment

---

[1] Although Vardanyan says that he is interested in a stay through any possible appeal, his papers indicate that the stay now being requested is separate and apart from any stay and posting of a supersedeas bond in the event an appeal is necessary.  See Motion at 4 ("Should Defendant Vardanyan need to appeal the final judgment or ruling, he will obtain the required stay and post the necessary supersedeas bond pursuant to the Rules of Appellate Procedure following expiration of the temporary stay requested by this application.")

pending the disposition of post-trial motions. Vardanyan requests that the court waive the security requirement. Alternatively, he offers to put up $387,000, which reflects the value of the shares of Viasphere Series A Preferred Stock he held.

The court finds it appropriate to grant the requested temporary stay and to require the posting of security. Accordingly, Vardanyan is ordered to post the offered $387,000 bond[2] as a condition of temporarily staying the enforcement of judgment pending resolution of his post-trial motion. He shall post the bond no later than close of business on September 17, 2015. If he fails to post the bond, the stay shall be lifted.

SO ORDERED.

Dated:   September 10, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[2] Given the amount of the July 17, 2015 judgment (and assuming that the judgment amount stays at its current level), this is far below what the court might otherwise set as a supersedeas bond under Fed. R. Civ. P. 62(d).

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Armen Shaghzo     as@shaghzolaw.com

Fenn C. Horton , III     fhorton@pahl-mccay.com, drinnert@pahl-mccay.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, manaya@pahl-mccay.com

Servando R. Sandoval     ssandoval@pahl-mccay.com, manaya@pahl-mccay.com, tmeek@pahl-mccay.com

Sonia Sanjit Shah     sshah@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com