UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIASPHERE INTERNATIONAL , INC, <br><br> Plaintiff, <br><br> v. <br><br> ARAM VARDARYAN, <br><br> Defendant. | Case No. 5:12-cv-01536-HRL <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART VIASPHERE'S MOTION TO ENFORCE JUDGMENT; AND (2) DENYING AS MOOT MOTION FOR TELEPHONE APPEARANCE** <br><br> Re: Dkt. Nos. 284, 291 |

Viasphere International, Inc. (Viasphere) moves to enforce judgment re rescission. The matter is deemed suitable for determination without oral argument.[1] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, Viasphere's motion is granted in part and denied in part as follows:

1. Vardanyan/Aroustamian do not offer arguments refuting Viasphere's contentions that the shares of common stock are subject to certain restrictions and conditions re transfer, which were not met here. Moreover, there is no dispute as to rescission, and Vardanyan has no objection to the cancellation of the common stock. Accordingly, Aroustamian has no enforceable lien as to the common stock, and he is not a

---

[1] Defendant's request to appear by phone at the motion hearing is denied as moot.

shareholder or any form of equity or other claim or interest holder relative to Viasphere's common stock.

2. Tender has been made. See generally Magnus v. Morrison, 93 Cal. App.2d 1, 3, 208 P.2d 407, 408 (1949) ("Tender is an offer of performance, not performance itself."). The record indicates that the $1,713 is ready and available at Artashes Kakoyan's office, and has been for quite some time. There is no indication that Vardanyan ever objected to the form of the tender, so any objections have been waived. See generally Hunt v. Mahoney, 82 Cal. App.2d 540, 546, 187 P.2d 43 (1947) ("A failure to object to the form of the tender constituted a waiver."). As discussed above, Vardanyan does not object to the cancellation of the common stock, which apparently has already been accomplished. Accordingly, Vardanyan is no longer the owner of any shares of common stock in Viasphere.

3. Within 10 days from the date of this order, Vardanyan and his agents shall (a) deliver to Viasphere the share certificates for the common shares; and (b) file appropriate termination or amendment statements in Washington D.C. and wherever else any financing statements or notices of lien were filed as to the common shares.

4. Viasphere's request for sanctions is denied.

SO ORDERED.

Dated: May 12, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:12-cv-01536-HRL Notice has been electronically mailed to:

Ara Aroustamian     ara@lawaa.com

Armen Shaghzo     as@shaghzolaw.com

Christopher Joseph Sargent     csargent@computerlaw.com, ecf@computerlaw.com

Fenn C. Horton , III     fhorton@pahl-mccay.com, jrogers@pahl-mccay.com, laustin@pahl-mccay.com, mgarcia@pahl-mccay.com

Helene Anastasia Simvoulakis     hsimvoulakis@pahl-mccay.com, echavarria@pahl-mccay.com, laustin@pahl-mccay.com

Servando R. Sandoval     ssandoval@pahl-mccay.com, echavarria@pahl-mccay.com

Sonia Sanjit Shah     sshah@pahl-mccay.com

Stephen Donald Pahl     spahl@pahl-mccay.com, hsimvoulakis@pahl-mccay.com, laustin@pahl-mccay.com, tmeek@pahl-mccay.com

Varand Vartanian     Varand@lawaa.com